The Honorable George French State Representative 190 Tracy Drive Monticello, Arkansas 71655-3867
Dear Representative French:
You have requested an Attorney General opinion concerning a county solid waste authority.
You describe a situation in which a solid waste authority was established "under the umbrella" of a particular county's government. That solid waste authority receives public grants, is regulated by the Arkansas Department of Environmental Quality [formerly, the Arkansas Department of Pollution Control and Ecology], and receives its primary income from the fee charged to residents for service. In 1996, the county judge apparently had a company draw sketch plans for recycling equipment to be purchased for use by the solid waste authority. The judge submitted these sketch plans to the authority's board. Later, the board received a bid for such equipment from an individual who had previously worked for the company that had drawn the original sketch plans. The board accepted the bid from this individual and authorized the judge to re-negotiate the price. The final price was $29,000.00. The complete system was never assembled.
In light of the foregoing scenario, you have presented the following questions:
 (1) Is a county solid waste authority required to advertise formally for bids?
 (2) If not, does the fact that a county solid waste authority took a bid from an entity who was eventually granted a contract override that fact?
 (3) If a particular individual was working on a project involving a county solid waste authority in January, 1996, and submitted a bid for a contract with that same authority (concerning a matter related to the earlier project) in August, 1996, is the grant of the contract to that bidder "tainted" because he had an unfair advantage over anyone else who might have submitted a bid had they been advised by advertisement as required by law?
 (4) If there was never a formal advertised public notification about the purchase of certain equipment, was A.C.A. § 14-22-101 violated?
 (5) What course of action can be taken to correct a situation such as the one described in Questions 1 through 4?
RESPONSE
As an initial matter, I must note that I cannot opine with regard to the particular fact situation that you have described. Numerous facts with which I may be unfamiliar (such as the particular statutory authority under which the solid waste authority in question was created) could impact the legality of that situation. The Attorney General is not authorized to make determinations of fact, or to resolve factual disputes. I therefore decline to reach any conclusions regarding those particular facts.
Nevertheless, to the extent that your questions raise general questions of law, I will proceed to address those questions.
Question 1 — Is a county solid waste authority required to advertiseformally for bids?
It is my opinion, as discussed more fully below, that the answer to this question will depend upon the statutory authority under which the solid waste authority in question was formed.
Authorities Formed Under A.C.A. § 8-6-201 et seq.
It is my opinion that solid waste authorities that were formed under the authority of A.C.A. § 8-6-201 et seq. must advertise formally for bids for contracts in excess of $10,000.00.
The provisions of A.C.A. § 8-6-201 et seq. specifically authorize counties to form solid waste authorities. A.C.A. § 8-6-212. Solid waste authorities formed under these statutory provisions do not have a legal existence separate from the county. They cannot contract on their own. The county must contract for them. See A.C.A. § 8-6-212(d). Therefore, because any contract for the benefit of the solid waste authority is actually a contract to which the county is a party, that contract will be subject to the requirements for county contracts. One such requirement is the bidding requirement that is set forth in A.C.A. § 14-22-101 et seq.
These statutes require that counties obtain bids for purchases of "commodities" the estimated purchase price of which will equal or exceed $10,000.00. A.C.A. § 14-22-102; A.C.A. § 14-22-104(1). The term "commodities" as used in this statute is defined as follows:
 "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county;
A.C.A. § 14-22-101(2).
Recycling equipment for a solid waste authority would, in my opinion, clearly fall within the above-quoted definition of "commodities." Therefore, if that solid waste authority is one that was created under A.C.A. § 8-6-201 et seq., and if the purchase price for that equipment exceeds $10,000.00, the county must advertise for bids for that contract.
Authorities Formed Under A.C.A. § 8-6-701 et seq.
The provisions of A.C.A. § 8-6-701 et seq. create eight regional "solid waste management districts, each with its own separate board of directors." See A.C.A. § 8-6-703. This office has previously opined that these regional solid waste management districts constitute "state agencies" for purposes of compliance with state purchasing laws, and must, accordingly, comply with the state bidding and procurement requirements set forth in A.C.A. § 19-11-201 et seq. See Op. Att'y Gen. No. 91-442.
Under these state purchasing laws, regional solid waste management districts that were created under the authority of A.C.A. § 8-6-701 etseq. must generally advertise for bids for their contracts. A.C.A. §19-11-229. However, certain exceptions to this requirement may apply in particular situations. The exceptions are listed in A.C.A. § 19-11-228. The question of whether an exception applies is a factual determination that must be made on a case-by-case basis.
Authorities Formed Under A.C.A. § 14-233-101 et seq.
The provisions of A.C.A. § 14-233-101 authorize counties and cities to form joint "sanitation authorities." These authorities have their own boards, which are given powers and duties that are spelled out by the ordinances creating them. Although these powers and duties can, accordingly, vary widely, the boards of all sanitation authorities created under this statutory scheme do have the independent power to contract on behalf of the sanitation authority. See A.C.A. § 14-107(5). For this reason, I conclude that these sanitation authorities have a legal existence separate and apart from the counties (and cities) that create them, and therefore are not bound by the bidding requirements that are imposed upon counties by A.C.A. § 14-22-101 et seq.
Question 2 — If not, does the fact that a county solid waste authoritytook a bid from an entity who was eventually granted a contract overridethat fact?
I cannot opine in response to this question, because it is unclear what is being asked. If a solid waste authority was not required by law to advertise for bids, the fact that it took a bid from a particular entity and later awarded the contract to that entity does not, in and of itself, affect the legality of that contract.
Question 3 — If a particular individual was working on a projectinvolving a county solid waste authority in January, 1996, and submitteda bid for a contract with that same authority (concerning a matterrelated to the earlier project) in August, 1996, is the grant of thecontract to that bidder "tainted" because he had an unfair advantage overanyone else who might have submitted a bid had they been advised byadvertisement as required by law?
This question appears to presume a situation in which a solid waste authority was required to advertise for bids, but failed to do so (and awarded a contract to an individual who had done previous work for the solid waste authority). In such a situation (i.e., where a solid waste authority was required to advertise for bids, but failed to do so), it is not the fact of the individual's previous work for the authority that taints the contract, but rather the fact that a contract (to anyone) was awarded in violation of the bidding requirements.
I note that if you have presumed a situation in which advertisements for bids was not required, the grant of the contract to the individual who had done previous work for the solid waste authority does not, on its face, violate any state law. However, the specific facts of the situation could, of course, indicate a violation of local ordinance, or could establish invalidity of the contract under contract law. Because of the factually-intensive nature of these possibilities, the Attorney General is not in a position to determine, on the basis of the information provided, whether such a violation of has occurred.
Question 4 — If there was never a formal advertised public notificationabout the purchase of certain equipment, was A.C.A. § 14-22-101violated?
The question of whether A.C.A. § 14-22-101 applies to a particular solid waste authority depends upon the statutory scheme under which the solid waste authority was created. For a discussion of this issue, see response to Question 1, in which I concluded that solid waste authorities that are created under the authority of A.C.A. § 8-6-201 et seq. must comply with the bidding requirements that are imposed upon counties by A.C.A. §14-22-101 et seq.
Question 5 — What course of action can be taken to correct a situationsuch as the one described in Questions 1 through 4?
The answer to this question is outside the authority of the Attorney General to offer, and will depend largely on the specific facts of the individual case, as well as upon the particular statutory authority that is applicable to those facts. Interested parties should consult their private counsel regarding appropriate and available remedies.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh